**\*AMENDED HLD-017**                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 26-2047

_____

IN RE: FELICIA SMITH; REINARD SMITH,
Petitioners

_____

On a Petition for Writ of Mandamus to the
United States District Court for the District of New Jersey
(Related to Civ. No. 3:22-cv-04998)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 28, 2026

Before:  CHAGARES, *Chief Judge*, HARDIMAN and RESTREPO, *Circuit Judges*

(Opinion filed July 2, 2026)

_____

OPINION\*

_____

PER CURIAM

Felicia and Reinard Smith, proceeding pro se and in forma pauperis, have filed a

petition for a writ of mandamus. For the reasons below, we will deny the petition.

The Smiths filed a complaint in the District Court, alleging that defendants had

violated the Truth in Lending Act and the New Jersey Consumer Fraud Act when they

sold a used car to the Smiths. In July and August 2025, plaintiffs and defendants filed

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

cross motions for summary judgment. In March 2026, plaintiffs submitted several letters and a motion to the Court, alleging that some of the evidence defendants relied upon in their summary judgment motion was fraudulent. The District Court entered a text-only order explaining that no further letters regarding evidentiary issues would be accepted, and that it would rule on the issue along with the motions for summary judgment. On May 4, 2026, plaintiffs filed a petition for writ of mandamus, requesting that our Court compel the District Court to rule on the evidentiary issues and deny defendants' summary judgment motion.

A writ of mandamus is a drastic remedy available only in extraordinary circumstances. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). Mandamus should not issue unless the petitioner has "no other adequate means to attain the relief" sought and has shown that his right to the writ is "clear and indisputable." *Id.* at 378-79 (quoting *Cheney v. United States Dist. Ct.*, 542 U.S. 367, 380-81 (2004)). Mandamus relief can be warranted when a court's "undue delay is tantamount to a failure to exercise jurisdiction." *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir. 1996).

The Smiths have not demonstrated any extraordinary circumstances that justify mandamus relief. The petitioners assert that the District Court is relying on fraudulent evidence as it reviews the summary judgment motions; however, the District Court clearly stated that, in reviewing the summary judgment motions, it was also considering the Smiths' motion regarding allegedly fraudulent evidence. Should the District Court rule against their evidentiary motion, the petitioners have not shown that they cannot

raise that issue on appeal. *See In re Nwanze*, 242 F.3d 521, 524 (3d Cir. 2001) (recognizing that mandamus may not be used as a substitute for the regular appeals process).

Nor have the petitioners demonstrated that there has been an undue delay in ruling on their motion. It has only been two months since the District Court announced it would rule on the evidentiary and summary judgment motions, and we are confident the District Court will issue its ruling in due course. *See Madden*, 102 F.3d at 79. Accordingly, the Smiths' petition for a writ of mandamus is denied. All of the petitioners' pending motions are denied.